IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BLACKFEET TRIBE OF THE BLACKFEET INDIAN RESERVATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Electronically Filed:<br>October 20, 2005<br><br>No. 02-127 L<br>Judge Lawrence Margolis |

**PARTIES' TENTH JOINT STATUS REPORT AND FIFTH JOINT MOTION TO CONTINUE CURRENT STAY OF PROCEEDINGS**

Pursuant to this Court's Order dated November 9, 2004, Plaintiff Blackfeet Tribe of the Blackfeet Indian Reservation and Defendant United States of America (the parties) hereby submit their 10th joint status report. Additionally, the parties respectfully make their fifth joint motion to continue the current stay of litigation, to and including October 27, 2006. The current stay expires October 27, 2005. The grounds for the parties' joint motion are set forth in their 10th joint status report, which is incorporated, below.

As this Court is aware, Plaintiff filed this case on February 14, 2002. The case is one of 24 cases currently pending before the Court of Federal Claims and the United States District Court, in which Tribes assert claims regarding the Government's trust fund accounting obligations and regarding damages relating to the Government's alleged mismanagement of the Tribes' trust fund accounts and trust assets.

The parties continue to believe that settlement of this case, if possible, would be the most judicially efficient and resource-conserving result. To that end, the parties have been working together to determine the feasibility of settlement. Among other things, Defendant continues to be

engaged in the informal production to Plaintiff of numerous documents that are relevant or potentially relevant to Plaintiff's claims. While the parties have made some progress to date, they need more time to continue their efforts and determine the viability of settlement in this case.

## I. INFORMAL DISCOVERY EFFORTS

As noted above, the parties have been conducting the informal production of records that are relevant or potentially relevant to Plaintiff's claims in this case. Since October 26, 2004, when the parties last filed a joint motion to continue the stay of proceedings, Defendant has produced 15,216 documents in electronic format (43,703 document images, with associated metadata or coding) to Plaintiff, pursuant to Plaintiff's informal document production requests. Additionally, Defendant is currently preparing another collection of document images for production to Plaintiff. Specifically, Defendant has completed its secondary privilege and confidentiality reviews and is currently conducting a due diligence review of 447 documents (1,329 images with coding). Defendant will produce the documents to Plaintiff after completion of the reviews.

Plaintiff's counsel has been reviewing the document images received from Defendant. The review has been time-consuming and labor-intensive. Plaintiff's counsel does not expect to be finished with her review for several more months, at a minimum. At the same time, Plaintiff's counsel is assessing whether there are alternatives available to obtain relevant information in a more time- and cost-efficient manner.

The images that have been produced or will be produced by Defendant are those of documents that had been designated by Plaintiff's counsel and/or Plaintiff's expert, upon their inspection of documents that were researched, identified, and located by Defendant in response to Plaintiff's informal document production requests. Plaintiff's document inspections and

designations for reproduction have occurred at several locations.

As previously reported, Plaintiff participated, for a limited period of time, in a joint document inspection process at the Office of Trust Records (OTR) of the Interior Department, in Albuquerque, NM, in the summer of 2004, with several other Tribes (Confederated Tribes of the Warm Springs Reservation; the Osage Nation; the Jicarilla Apache Nation; the Pueblo of Laguna; and the Shoshone-Bannock Tribes). Based on Plaintiff's limited participation, Defendant produced 14,042 documents (29,879 images with coding) to Plaintiff, on compact discs (CDs), after Defendant had scanned the documents and conducted the appropriate secondary privilege, confidentiality, and due diligence reviews of the document images. Defendant's counsel made the productions to Plaintiff's counsel on March 4, April 12, and August 26, 2005. Plaintiff's counsel is in the process of reviewing the document images.

Also as previously reported, Plaintiff's counsel and expert conducted a document inspection in June 2004, of the collection of work papers located at a storage facility in Phoenix, AZ, that relate to the Tribal trust fund account reconciliation project performed by Arthur Andersen, LLP, for the Department of the Interior (Interior) in the 1990s. Plaintiff conducted this inspection in conjunction with the Shoshone-Bannock Tribes. The inspection occurred after the Solicitor's Office for the Interior Department had conducted a privilege review of the boxes of documents designated by Plaintiff for inspection. As part of the inspection, Plaintiff's counsel and expert designated 1,174 documents (13,824 images with coding) for imaging by Defendant. After the appropriate secondary privilege, confidentiality, and due diligence privilege reviews, Defendant produced the document images to Plaintiff on March 8, 2005. Plaintiff's counsel is in the process of reviewing the document images.

Additionally, at Plaintiff's request, Defendant provided a background briefing paper relating to the Tribal trust fund account reconciliation project; documents relating to leases dating from 1972-1992 and generating an annual income of $5,000 or more; and documents relating to "animal unit month" (AUM) rates for grazing leases on the Blackfeet Reservation. At the appropriate time after the completion of Plaintiff's review, the parties will confer about how to best use the information and what other documents and data, if any, are necessary.

The parties expect that further informal discovery efforts in this case likely will continue to be challenging, costly, and time-consuming, because of the number of Tribes with similar claims in the Court of Federal Claims and the United States District Court; the diverse locations of relevant or potentially relevant records; and the volume of those relevant or potentially relevant records. The different document locations include the Blackfeet Agency Office in Browning, MT; the BIA Rocky Mountain Regional Office in Billings, MT; the Federal Records Center (FRC) in Denver, CO; the National Archives in Washington D.C.; the National Archives II in College Park, MD; the Regional Archives in Denver, CO; and the American Indian Records Repository (AIRR) in Lenexa, KS. Therefore, the parties plan to confer about ways to narrow the scope and manage the results of their informal document requests and productions, so as to facilitate and enhance their settlement discussions.

## II. SETTLEMENT APPROACH

The parties seek to extend the temporary stay of these proceedings so that they can have adequate time to (1) continue with the informal discovery process; and (2) continue with their discussions about how to address Plaintiff's trust fund account and trust asset mismanagement claims in settlement.

As previously reported, the parties are using a phased settlement approach to address the complicated issues and matters in this case. Phase I consists of all of the Plaintiff's claims regarding Defendant's alleged mismanagement of Plaintiff's trust fund accounts. These claims include Plaintiff's claim for a historical accounting. Phase II encompasses all of the Plaintiff's claims concerning Defendants' alleged mismanagement of Plaintiff's trust assets. The parties expect that they will have to divide and classify the different Phase II claims by asset types, such as oil and gas, timber, gravel, and grazing and agricultural leases.

The parties propose to address the two settlement phases in seriatim, beginning with Phase I. As part of that effort, the parties will attempt to identify potential settlement approaches and alternatives that may provide a more streamlined approach to reach final settlement.

**A. Phase I**

The parties plan to schedule a meeting shortly with the Office of Historical Trust Accounting (OHTA) of the Interior Department to discuss potential methodologies and targeted document searches for negotiating a possible settlement (which may include an agreed-upon accounting). Among other things, the parties will confer about the possibility of developing a common set of records that would serve as the basis of the settlement discussions. The purpose is to avoid the expense of much time and money to identify, inspect, image, and code documents from thousands of boxes of records. The common set of records will include the documentation underlying the Andersen-prepared Tribal trust fund account reconciliation project for the 1972-1992 period, as that project specifically related to Plaintiff.

In their Phase I settlement discussions, the parties plan to consider various different options, including the possibility of using the analyses, documents, and data from the Tribal trust fund

reconciliation project to establish a possible baseline for determining alleged damages that might have accrued in other time periods. The parties will deploy available resources, including experts, to assist and facilitate their discussions.

### B. Phase II

The parties propose to take up consideration of Phase II after they have completed discussions on Phase I. As with Phase I, the parties expect to negotiate and utilize a common set of documents for each asset type in Phase II, which will serve as the basis of their settlement discussions. Also, to the extent feasible, the parties will undertake concurrent informal discovery for the different asset types, to the extent that additional discovery (beyond the common document set) is necessary.

## III. PERIODIC STATUS REPORTS TO THE COURT

In order to keep the Court informed of their progress, the parties will continue filing joint status reports every 90 days. They propose to submit the next joint status report on or before January 25, 2006.

## IV. CONCLUSION

Based on the foregoing, the parties believe that it is in the best interests of judicial economy and the conservation of their limited resources to continue the current stay of proceedings, the informal exchange of documents and data, and the settlement discussions. Accordingly, they jointly and respectfully request that this Court extend the stay of proceedings to and including October 27, 2006.

Respectfully submitted this 20th day of October, 2005,

*s/ Jeanne S. Whiteing*
JEANNE S. WHITEING
Whiteing & Smith
1136 Pearl Street, Suite 203
Boulder, Colorado 80302
Tel: (303) 444-2549
Fax: (303) 444-2365

Attorney for Plaintiff

*s/ Brett D. Burton*
BRETT D. BURTON
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0212
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

KEVIN J. LARSEN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

LAWRENCE JENSEN
STEPHEN SIMPSON
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240