IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BLACKFEET TRIBE OF THE BLACKFEET INDIAN RESERVATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Electronically Filed: October 23, 2006<br><br>No. 02-127 L<br>Judge Lawrence Margolis |

**PARTIES' FOURTEENTH JOINT STATUS REPORT AND SIXTH JOINT MOTION TO CONTINUE CURRENT STAY OF PROCEEDINGS**

Pursuant to this Court's Order dated November 3, 2005, Plaintiff Blackfeet Tribe of the Blackfeet Indian Reservation and Defendant United States of America (the parties) hereby submit their 14th joint status report. Additionally, the parties respectfully make their sixth joint motion to continue the current stay of litigation, to and including October 26, 2007. The current stay expires on October 27, 2006. The parties' joint status report and the grounds for the parties' joint motion are as follows:

As this Court is aware, Plaintiff filed this case on February 14, 2002. The case is one of 34 cases currently pending before this Court and various United States District Courts, in which Tribes assert claims regarding the Government's trust accounting obligations and regarding damages relating to the Government's alleged mismanagement of the Tribes' trust fund accounts and non-monetary trust resources.

Since the filing of this case, the parties have taken, and they continue to hold, the position that settlement of this case, if possible, would be the most judicially efficient and resource-conserving result. To that end, the parties have been working together to determine the feasibility of settlement. Among other things, Defendant has been engaged in the informal production to

Plaintiff of numerous documents that are relevant or potentially relevant to Plaintiff's claims. While the parties have made some progress to date, they need more time to continue their efforts and determine the viability of settlement in this case.

## I. INFORMAL DISCOVERY EFFORTS

The parties continue to collaborate, as previously reported, in the informal identification and production of documents and data relevant to Plaintiff's claims, with an emphasis on the 1972-1992 period. To date, Defendant has produced 49,106 electronic images, with associated metadata or coding, to Plaintiff. These images are of 16,540 documents that were either reviewed and designated by Plaintiff's counsel and/or expert for reproduction during their inspections of records, or identified by Defendant as being responsive to Plaintiff's informal document production requests.

Specifically, since the parties' last joint status report, filed on July 21, 2006, Defendant has produced to Plaintiff an additional 4,014 electronic images, comprising 312 documents, relating to the claims that it had filed before the Indian Claims Commission (ICC).[1/] Further, Defendant is planning to produce to Plaintiff, by October 31, 2006, an additional 28,563 images (with associated metadata), comprising 8,791 documents, that also have been reviewed and designated by Plaintiff's counsel and/or expert for copying. Plaintiff's counsel has been and continues to be reviewing the

---

[1/] Plaintiff's claims, like many Indian claims cases originally filed with the ICC under the Act of August 13, 1946, 25 U.S.C. § 70 et seq (1976), were subsequently transferred to this Court's predecessor, the Court of Claims, pursuant to 25 U.S.C. § 70v (1976), as amended by the Act of July 20, 1977, Pub. L. No. 95-69, § 2, 91 Stat. 273 (25 U.S.C.A. § 70v-3). *See Blackfeet and Gros Ventre Tribes of Indians v. United States, No. 279-A, 1963 WL 8538 (Ct. Cl. June 7, 1963); Black Feet and Gros Ventre Tribes of Indians v. United States, No. 279-B, 1966 WL 1540 (Ct. Cl. May 2, 1966); Blackfeet and Gros Ventre Tribes of Indians v. United States, Nos. 279-C and 250-A, 1981 WL 27980 (Ct. Cl. January 7, 1981); Blackfeet Tribe of Indians v.United States, No. 279-D, 1981 WL 28018 (Ct. Cl. Sept. 4, 1981); Blackfeet Tribe of Indians v. United States, No. 279-D, 1982 WL 31824 (Ct. Cl. January 8, 1982).*

documents images that have been produced by Defendant thus far.

The parties expect that further informal discovery efforts in this case likely will be challenging, costly, labor-intensive, and time-consuming, as they have been in the past, because of the trust fund and non-monetary trust resource mismanagement claims asserted by Plaintiff herein; the diverse locations of relevant or potentially relevant records; and the volume of those relevant or potentially relevant records. The different document locations include the Blackfeet Agency Office in Browning, MT; the BIA Rocky Mountain Regional Office in Billings, MT; the Federal Records Center (FRC) in Denver, CO; the National Archives in Washington D.C.; the National Archives II in College Park, MD; the Regional Archives in Denver, CO; and the American Indian Records Repository (AIRR) in Lenexa, KS. Therefore, the parties plan to confer about ways to narrow the scope and manage the results of their informal document requests and productions, so as to facilitate and enhance their settlement discussions.

## II. SETTLEMENT APPROACH

The parties seek to extend the temporary stay of these proceedings so that they can have adequate time to (1) continue with the informal discovery process; and (2) continue with their discussions about how to address Plaintiff's trust fund account and non-monetary trust resource mismanagement claims in settlement. The parties have divided their settlement discussions and cooperative informal discovery efforts into several categories: Plaintiff's trust fund mismanagement claims; Plaintiff's non-monetary trust asset mismanagement claims; and Plaintiff's potential trust accounting claims.

As previously reported, the parties are using a phased settlement approach to address the complex issues and matters in this case. Phase I consists of all of Plaintiff's claims regarding

Defendant's alleged mismanagement of Plaintiff's trust fund accounts. These claims include Plaintiff's potential claim for a historical accounting. Phase II encompasses all of Plaintiff's claims concerning Defendants' alleged mismanagement of Plaintiff's non-monetary trust resources. The parties expect that they will have to divide and classify the different Phase II claims by resource types, such as oil and gas, timber, gravel, grazing, and agricultural .

The parties propose to address the two settlement phases in seriatim, beginning with Phase I. The parties are attempting to identify potential settlement approaches and alternatives that may provide a more streamlined approach to reach final settlement.

**A. Phase I**

Phase I will involve meetings between the parties, their experts or contractors, and the Interior Department's Office of Historical Trust Accounting (OHTA) to discuss potential settlement methodologies (which may include an agreed-upon accounting) and targeted document searches, among other things. In particular, the parties will confer about the possibility of developing a common set of records that would serve as the basis of the settlement discussions. The purpose is to avoid the expense of much time and money to identify, inspect, image, and code documents from thousands of boxes of records. The common set of records will include the documentation underlying the Interior Department's Tribal trust fund account reconciliation project for the 1972-1992 period, as that project specifically related to Plaintiff.

In their Phase I settlement discussions, the parties plan to consider various different options, including the possibility of using the analyses, documents, and data from the Tribal trust account fund reconciliation project to establish a possible baseline for determining alleged damages that might have accrued in other time periods. The parties will deploy available resources, including

experts, to assist and facilitate their discussions.[2]

Counsel for the parties are currently reviewing their schedules, as well as the schedules of the appropriate experts and representatives of the Solicitor's Office for the Interior Department and of OHTA, to determine a mutually suitable meeting date in November or December, 2006. The parties propose to conduct the meeting in Billings, MT.

### B. Phase II

The parties propose to take up consideration of Phase II after they have completed discussions on Phase I. As with Phase I, the parties expect to negotiate and utilize a common set of documents for each non-monetary resource type in Phase II, which will serve as the basis of their settlement discussions. Also, to the extent feasible, the parties will undertake concurrent informal discovery for the different asset types, to the extent that additional discovery (beyond the common document set) is necessary.

## III. PERIODIC STATUS REPORTS TO THE COURT

In order to keep the Court informed of their progress, the parties will continue filing joint status reports every 90 days. They propose to submit the next joint status report on or before January 23, 2007.

## IV. CONCLUSION

Based on the foregoing, the parties believe that it is in the best interests of judicial economy and the conservation of their limited resources to continue the current stay of proceedings, the informal exchange of documents and data, and the settlement discussions. Accordingly, they jointly

[2] Plaintiff has recently retained an accounting firm to assist in the formulation of its proposed settlement methodology. Defendant will retain or use experts or contractors to provide assistance, guidance, or support, as needed or appropriate.

and respectfully request that this Court grant their motion and extend the stay of proceedings in this case to and including October 26, 2007.

Respectfully submitted this 23rd day of October, 2006,

*s/ Jeanne S. Whiteing*
JEANNE S. WHITEING
Whiteing & Smith
1136 Pearl Street, Suite 203
Boulder, Colorado 80302
Tel: (303) 444-2549
Fax: (303) 444-2365

Attorney of Record for Plaintiff

*s/ Brett D. Burton*
BRETT D. BURTON
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0212
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

KEVIN J. LARSEN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

CANDACE N. BECK
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240