IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLACKFEET TRIBE OF THE BLACKFEET INDIAN RESERVATION, | ) | |
| | ) | Electronically Filed: |
| Plaintiff, | ) | July 23, 2007 |
| | ) | |
| v. | ) | No. 02-127 L |
| | ) | Judge Lawrence Margolis |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PARTIES' SEVENTEENTH JOINT STATUS REPORT**

Pursuant to this Court's Order dated October 25, 2006 ("Order"), Plaintiff Blackfeet Tribe of the Blackfeet Indian Reservation and Defendant United States of America ("the parties") hereby submit their 17th joint status report. Under the Court's Order, the current stay of litigation expires on October 26, 2007. The parties submit the following joint status report, as directed by that Order.

The parties have divided their settlement discussions and cooperative informal discovery efforts into several categories: Plaintiff's trust accounting claims; Plaintiff's trust fund mismanagement claims; and Plaintiff's non-monetary trust asset or resource mismanagement claims. Further, the parties propose to address Plaintiff's trust accounting and trust fund mismanagement claims first. To that end, they have been and continue to be discussing the possibility of jointly developing a mutually acceptable methodology for analyzing Plaintiff's trust accounting and trust fund mismanagement claims.

As previously reported, the parties conducted a settlement meeting on December 19, 2006, in Great Falls, Montana. Attendees at the meeting were Plaintiff's counsel; the Tribal Chairman; members of the Blackfeet Tribal Business Council; other members of the Blackfeet Tribe; Plaintiff's accounting consultant; Defendant's counsel; and representatives of the Solicitor's Office, the Office

of Historical Trust Accounting (OHTA), and the Bureau of Indian Affairs (BIA), of the United States Department of the Interior. Among other things, Plaintiff's proposed methodology contemplates an analysis of the possible use, and the possible ways of use, of the results of the Interior Department's Tribal Trust fund account reconciliation project for the 1972-1992 time period (prepared by Arthur Andersen, LLP), as those project results relate to Plaintiff. The parties also discussed generally the Tribe's potential non-monetary trust asset or resource mismanagement claims.

On January 9, 2007, Plaintiff provided to Defendant a revised draft of its proposed methodology. Defendant—principally OHTA—reviewed Plaintiff's revised proposed draft methodology and prepared written comments thereto, these comments were provided to Plaintiff on May 4, 2007. Defendant's efforts on Plaintiff's revised proposed draft methodology are part of Defendant's work with Plaintiff to develop jointly a methodology for analyzing Plaintiff's trust accounting and trust fund mismanagement claims in this case. As discussed and agreed in the December 19 settlement meeting, and again upon Plaintiff's receipt of the written comments to Plaintiff's proposed draft methodology, the parties propose to undertake tasks and plan additional meetings and discussions in the coming months, among other things, as necessary and appropriate to the advancement of their settlement discussions.

On May 31, 2007, counsel for the parties attended a meeting and informational session conducted by the Inter-Tribal Monitoring Association (ITMA), in Denver, Colorado, about the project that ITMA and the Interior Department are undertaking to develop a proposed methodology to address trust accounting and trust fund mismanagement issues and claims. The parties are considering whether the project and, in particular, the proposed methodology may be utilized to

advance their settlement discussions.

Plaintiff and Defendant continue to collaborate in the informal identification and production of documents and data relevant to Plaintiff's claims as appropriate. Defendant has produced to date a total of 77,216 electronic images, or 25,321 documents, to Plaintiff. Plaintiff's counsel and consultant are reviewing the document images and determining how to proceed with additional document or data production requests. Plaintiff stated at the December 19 settlement meeting that it plans to request informally other documents or data that may be relevant or potentially relevant to Plaintiff's trust accounting and trust mismanagement claims. The parties will confer about and work cooperatively on addressing or resolving their document or data production requests or needs.

The parties will file their next joint status report on October 26, 2007.

Respectfully submitted this 23rd day of July, 2007,

*s/ Jeanne S. Whiteing*
JEANNE S. WHITEING
Whiteing & Smith
1136 Pearl Street, Suite 203
Boulder, Colorado 80302
Tel: (303) 444-2549
Fax: (303) 444-2365

Attorney of Record for Plaintiff

*s/ Kevin J. Larsen*
KEVIN J. LARSEN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

CANDACE N. BECK
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

RACHEL HOWARD
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20270