IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLACKFEET TRIBE OF THE BLACKFEET INDIAN RESERVATION, | ) | |
| Plaintiff, | ) | Electronically Filed: **October 26, 2007** |
| v. | ) | No. 02-127 L<br>Judge Lawrence Margolis |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PARTIES' EIGHTEENTH JOINT STATUS REPORT AND**
**SEVENTH JOINT MOTION TO CONTINUE CURRENT STAY OF PROCEEDINGS**

Pursuant to this Court's October 25, 2006, Order, Plaintiff Blackfeet Tribe of the Blackfeet Indian Reservation and Defendant United States of America (Parties) hereby submit their eighteenth joint status report. The Parties also respectfully make their seventh joint motion to continue the current stay of litigation up to and including October 24, 2008. The current stay expires on October 26, 2007.

Plaintiff filed this action on February 14, 2002, claiming violations in the Government's trust obligations with regard to account and resource asset management, and trust fund accounting. Since the filing of this case, the Parties have conferred and agreed that settlement of the issues and claims raised by Plaintiff in this case, without the need for protracted litigation, if possible, would be the most efficient, resource-conserving, and positive outcome for all parties. Based on this agreement, the Parties have been and continue to work together in determining the most reasonable and methodologically-sound approach to reaching a settlement agreement on the case's complex issues. While the Parties have made progress in their informal discovery efforts and in the on-going development of a settlement methodology, they agree that more time and

work is necessary before a well-considered settlement determination, in whole or in part, will be possible. Accordingly, the Parties respectfully make this joint request for an extension of the current temporary stay of litigation up to and including October 24, 2008.

## I. INFORMAL DISCOVERY EFFORTS

The Parties continue to identify and produce data and documents relevant to Plaintiff's claims and potential settlement. Since October 23, 2006, Defendant has produced to Plaintiff 8,781 more documents (or 28,110 electronic images), bringing the total number of documents and data produced by Defendant since these cooperative settlement efforts began on March 4, 2004, to 25,321 documents ( or 77,216 electronic images). Plaintiff continues to review the large volume of documents Defendant has produced to date, and will make supplemental informal production requests of Defendant as it deems necessary.

## II. SETTLEMENT APPROACH

As stated above, the Parties respectfully seek to extend the temporary stay of litigation in this case, to allow adequate time for continuation of (1) the informal discovery process; and (2) the discussion process on potential settlement of Plaintiff's trust fund account and non-monetary trust resource management claims. The Parties have divided their settlement discussions and cooperative informal discovery efforts into several categories: Plaintiff's trust fund management claims; Plaintiff's non-monetary trust asset management claims; and Plaintiff's potential trust accounting claims.

As previously reported, the Parties are using a phased settlement approach to address the complex issues and matters in this case. Phase I consists of Plaintiff's claims regarding Defendant's alleged mismanagement of Plaintiff's trust fund accounts. These claims include

Plaintiff's potential claim for a historical accounting. Phase II encompasses Plaintiff's claims concerning Defendant's alleged mismanagement of Plaintiff's non-monetary trust resources. The Parties expect that they will have to divide and classify the different Phase II claims by resource type, such as oil and gas, timber, gravel, grazing, and agricultural. The Parties are addressing the two settlement phases in seriatim, beginning with Phase I.

**A. Phase I**

As part of Phase I, the Parties have identified, and are presently analyzing, a potential settlement approach. They believe this approach may provide a more streamlined and efficient settlement discussion process. As the Parties anticipated in their previous Joint Motion to Continue Stay of Proceedings, Phase I has, and will continue to involve meetings between counsel for the Parties, the Parties' experts or contractors, and the Interior Department's Office of Historical Trust Accounting (OHTA), to discuss, among other things, potential settlement methodologies (which may include an agreed-upon accounting) and targeted document searches.[1/] The first of what the Parties anticipate to be multiple settlement meetings occurred on December 19, 2006, in Great Falls, Montana. At this meeting, the Parties discussed, among other things, the possible development of a common set of records or data that would serve as the basis for settlement discussions. With a common document or data set, the Parties aim to avoid the time and money that would be necessary to identify, inspect, image, and code documents from thousands of boxes of records. The common set of records will include documentation and data underlying the Interior Department's Tribal Trust Fund Reconciliation

[1/] Plaintiff retained an accounting firm to assist with the formulation of its proposed settlement methodology. Defendant will retain or use experts or contractors to provide assistance, guidance, or support, as needed or appropriate.

Project (for the years 1972-1992), as the project specifically related to Plaintiff.

On January 9, 2007, as previously reported in the Parties' joint status reports, Plaintiff provided to Defendant a revised draft of Plaintiff's proposed settlement methodology. Defendant—principally OHTA—reviewed the draft and prepared written comments thereto, which Defendant provided to Plaintiff on May 4, 2007. Since that time, Plaintiff has been reviewing and analyzing the comments in preparation for response. This effort has included a review of legal and accounting issues and documents for various Tribal accounts related to the scope of any settlement methodology to be negotiated between the Parties. Also, since July 2007, Plaintiff has received and reviewed information on an alternate settlement methodology currently under development as part of the Inter-Tribal Monitoring Association and OHTA's Tribal Trust Fund Settlement Project (TTFSP). Plaintiff considered and investigated the possibility of joining the TTFSP, but ultimately decided to continue the current settlement discussions with Defendant, including the current process to negotiate a proposed settlement methodology.

Based on its work thus far, Plaintiff expects to complete a response to Defendant's comments on Plaintiff's revised settlement methodology and provide that response to Defendant by late-November or early-December 2007. After Defendant has had an opportunity to review and confer about Plaintiff's response, the Parties anticipate scheduling a follow-up meeting, possibly as early as December 2007, to discuss the proposed settlement methodology, among other matters. The Parties aim to progress toward an agreement regarding a joint settlement methodology to be used for Plaintiff's Phase I claims. The Parties anticipate the need for additional meetings to address such issues as the manner and means of deploying any agreed-

upon settlement methodology.

**B. Phase II**

As previously reported, the Parties propose to take up consideration of the possible resolution of Plaintiff's Phase II claims after they have completed discussions on Phase I. As with Phase I, the Parties expect to negotiate and utilize a common set of documents for each non-monetary resource type in Phase II, which will serve as the basis for settlement discussions. Also, to the extent necessary and feasible, the Parties will undertake concurrent informal discovery for the different asset types.

## III. PERIODIC STATUS REPORTS TO THE COURT

In order to keep the Court informed of their progress, the Parties will continue filing joint status reports every 90 days. The Parties propose to submit the next joint status report on or before January 25, 2008.

## IV. CONCLUSION

Based on the foregoing, the Parties believe that it is in the best interests of judicial economy and the conservation of their limited resources to continue the current stay of proceedings, the informal exchange of documents and data, and the settlement discussions. Accordingly, they jointly and respectfully request that this Court grant their motion and extend the stay of proceedings in this case up to and including October 24, 2008.

Respectfully submitted this 26th day of October, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Jeanne S. Whiteing by*
*s/ Kevin J. Larsen,*
*pursuant to telephonic authorization*
*on October 26, 2007*

*s/ Kevin J. Larsen*

JEANNE S. WHITEING
Whiteing & Smith
1136 Pearl Street, Suite 203
Boulder, Colorado 80302
Tel: (303) 444-2549
Fax: (303) 444-2365

Attorney of Record for Plaintiff

KEVIN J. LARSEN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

KRISTOFOR R. SWANSON
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0248
Tel: (202) 305-0241
Fax: (202) 353-2021

CANDACE N. BECK
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240