IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BLACKFEET TRIBE OF THE BLACKFEET INDIAN RESERVATION, | |
| *Plaintiff,* | Electronically Filed: July 25, 2008 |
| *v.* | No. 02-127 L<br>Judge Lawrence Margolis |
| UNITED STATES OF AMERICA, | |
| *Defendant.* | |

**PARTIES' TWENTY-FIRST JOINT STATUS REPORT**

Pursuant to this Court's Order dated October 31, 2007 ("Order"), Plaintiff Blackfeet Tribe of the Blackfeet Indian Reservation and Defendant United States of America ("the parties") hereby submit the following status report.

Plaintiff filed this action on February 14, 2002, alleging violations in the Government's purported trust obligations with regard to account and resource asset management, and trust fund accounting. After filing, the parties conferred and agreed that settlement of the issues and claims raised by Plaintiff in this case, without the need for protracted litigation, would be the most efficient, resource-conserving, and positive outcome for all parties. Under the Court's Order, the current stay of litigation expires on October 24, 2008.

As previously reported, the parties have divided their settlement discussions and cooperative informal discovery efforts into several categories: Plaintiff's trust accounting claims; Plaintiff's trust fund mismanagement claims; and Plaintiff's non-monetary trust asset or resource mismanagement claims. The parties are addressing Plaintiff's trust accounting and trust fund mismanagement claims first ("Phase I"). To that end, the parties are continuing development of a mutually acceptable methodology for analyzing Plaintiff's trust accounting and trust fund mismanagement claims.

After Defendant produced thousands of documents in response to Plaintiff's informal production requests, Plaintiff provided Defendant with a proposed methodology during a December 19, 2006, meeting in Great Falls, Montana. As reported in earlier reports, the parties exchanged comments and responses on the draft methodology over the following months. The parties, their counsel, Plaintiff's consultant, and representatives of the Department of the Interior's Solicitor's Office, Office of the Special Trustee, and Office of Historical Trust Accounting then held a March 11, 2008, meeting in Denver, Colorado. At the March 2008 meeting, the parties discussed Plaintiff's latest proposed methodology and the Interior Department's response thereto, and both parties' proposed approaches to the Phase I claims. The parties identified the applicable time period for the proposed analyses of Phase I claims, and agreed to coordinate to identify any additional accounts, beyond those already identified, which may be subject to the proposed analyses and methodology. The parties also agreed that they would undertake certain steps to research, determine, and evaluate the historical actual investment performance of Plaintiff's trust fund accounts. To that effect, Defendant identified and collected relevant documents regarding the closure of Indian Money Proceeds of Labor (IMPL) accounts, and produced the documents to Plaintiff on July 23, 2008.

After the March 2008 meeting, Plaintiff provided further revisions to the proposed methodology on April 4, 2008. Defendant is currently compiling, reviewing, and finalizing its comments to the April 2008 draft to allow for a substantive discussion on next steps before the parties' next meeting. Counsel for the parties had previously agreed on tentative meeting dates at the end of June 2008. Scheduling conflicts, however, have forced the parties to identify alternative dates. The parties are currently working to confirm dates for the next meeting between the parties' counsel, Plaintiff's consultant, Interior Department representatives, and, if appropriate, OHTA's

accounting contractor or the Treasury Department, with the week of September 1, 2008, currently targeted.

With the IMPL document production, Defendant has produced, to date, a total of 25,517 documents (or 78,029 electronic images) to Plaintiff, in addition to a database containing Tribe-specific trust account transaction data ("Common Dataset") from July 1, 1972, through September 30, 2006, for Plaintiff's proceeds of labor and judgment award accounts. Plaintiff has made no recent document or data production requests. Plaintiff's counsel and consultant, however, continue to review the produced images to determine whether and how to proceed with additional document or data production requests, if necessary. Plaintiff's counsel and consultatn also continue to review the Plaintiff-specific Tribal trust fund reconciliation project results (commonly referred to as the "Arthur Anderson reconciliation project") to determine whether to accept or use any of the results.

The parties will file their next joint status report on October 24, 2008.

Respectfully submitted this 25th day of July, 2008,

*/s/ Jeanne S. Whiteing*

JEANNE S. WHITEING
Whiteing & Smith
1136 Pearl Street, Suite 203
Boulder, Colorado 80302
Tel: (303) 444-2549
Fax: (303) 444-2365

Attorney of Record for Plaintiff

*/s/ Kristofor R. Swanson*

KRISTOFOR R. SWANSON
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0248
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

DONDRAE N. MAIDEN
U.S. Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

TERESA DAWSON
U.S. Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20270